DISTRICT COURT, EL PASO COUNTY
STATE OF COLORADO
270 S. Tejon Street
Colorado Springs, CO 80903

DATE FILED: February 2, 2021 4:19 PM
FILING ID: D6EEBD31932F9
CASE NUMBER: 2021CV30181

**Plaintiffs: CHAPEL HILLS REALTY LLC, a
Colorado limited liability company, CHAPEL HILLS
CH LLC, a Colorado limited liability company, and
CHAPEL HILLS NASSIM LLC, a Colorado limited
liability company**

**v.**

**Defendant: OTIS ELEVATOR COMPANY, a
New Jersey corporation authorized to do business in
Colorado**

▲ COURT USE ONLY ▲

*Attorney for Plaintiffs*

Thomas E. Downey, Jr. #9686
Downey & Associates, P.C.
6855 South Havana Street, Suite 600
Centennial, CO 80112
Telephone: 303-813-1111
Email: tom@downeylawpc.com

Case Number: 2021CV_____

Division:       Courtroom:

## COMPLAINT

Plaintiffs herein, Chapel Hills Realty LLC, Chapel Hills CH LLC and Chapel Hills Nassim LLC by and through their attorney, Thomas E. Downey, Jr., Downey & Associates, P.C., for their Complaint against the Defendant, state and allege as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiff, Chapel Hills Realty, LLC is a Colorado limited liability company in good standing whose principal place of business is in the County of El Paso, State of Colorado. Plaintiff, Chapel Hills CH, LLC is a Colorado limited liability company in good standing whose principal place of business is in the County of El Paso, State of Colorado. Plaintiff, Chapel Hills Nassim, LLC is a Colorado limited liability company in good standing whose principal place of business is in the County of El Paso, State of Colorado.

2.      Plaintiffs Chapel Hills Realty LLC, Chapel Hills CH LLC and Chapel Hills Nassim LLC  (collectively "Plaintiffs" or "Chapel Hills") are the owners of real estate in El Paso County, Colorado located at 1710 Briargate Boulevard, Colorado Springs, 80920 commonly known as the Chapel Hills Mall (the "Mall").

3.      Defendant Otis Elevator Company ("Otis Elevator") is a New Jersey corporation authorized to do business in Colorado and in good standing whose principal place of business is at One Carrier Place, Farmington, CT 06032.

4.      Otis Elevator maintains an office in El Paso County, Colorado located at 1039 Elkton Dive, Colorado Springs 80907.

5.      Venue is proper in El Paso County, Colorado pursuant to C. R. C. P. 98(c) as Defendant Otis Elevator has a principal place of business in El Paso County and provided services to Plaintiffs in El Paso County Colorado.

## GENERAL ALLEGATIONS

6.      Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

7.      On April 9, 2018, Plaintiff Chapel Hills entered into a contract with Defendant Otis Elevator whereby Otis Elevator agreed it would provide maintenance on the escalator and elevator units ("Units") located at the Mall (the "Contract"). A copy of the contractual agreement between Plaintiff and Defendant is attached hereto and incorporated herein as Exhibit A.

8.      The Contract between the parties commenced on May 1, 2018.

9.      Pursuant to the Contract, Chapel Hills was to pay Otis Elevator the sum of $6,500 per month for the services on the Units to be provided by Otis Elevator.

10.     Pursuant to the terms of the Contract, the maintenance to be provided by Otis Elevator was intended to protect Plaintiff's investment in the Units, extend the life of the Units and provide a high level of performance and reliability on the Units.

11.     Pursuant to the terms of the Contract, Otis Elevator agreed to plan its maintenance activities on the Units in advance and to provide devices to monitor usage of the Units.

12.     Pursuant to the terms of the Contract, Otis Elevator agreed to maintain the Units using trained personnel directly employed by Otis Elevator and supervised by Otis Elevator.

13.     Pursuant to the terms of the Contract, Otis Elevator agreed to maintain, inspect, lubricate and adjust the Units and the numerous parts of the Units outlined in the Contract.

14.     Under the terms of the Contract, if necessary, due to normal usage and wear, Otis Elevator agreed to repair or replace the parts specified in the Contract.

15.     Under the terms of the Contract, Otis Elevator agreed to maintain a supply of frequently use replacement parts and lubricants necessary to meet its maintenance requirements on the Units.

16.     Pursuant to the terms of the Contract, Otis Elevator agreed to maintain a supply of routine replacement parts available for express delivery to the Mall in case of emergencies.

17.     The Contract specifically excluded any maintenance responsibilities by Otis Elevator on a number of items including, but not limited to wall panels, door panels, car gates, mirrors and floor coverings, doors, door frames and closing devices.

18.     The Units that Otis Elevator contracted to maintain were subject to periodic inspection by the Pikes Peak Regional Building Department ("Pikes Peak"). Pikes Peak issued a Periodic Inspection Report Form ("Inspection Report") in connection with each of its inspections of the Units.

19.     Pikes Peak issued an Inspection Report dated January 8, 2018 identifying various maintenance and repair issues with the Units that had not been performed by Otis Elevator in accordance with its obligations under the Contract.

20.     Pikes Peak issued an Inspection Report dated July 10, 2018 identifying various maintenance and repair issues with the Units that had not been performed by Otis Elevator in accordance with its obligations under the Contract.

21.     Pikes Peak issued an Inspection Report dated November 5, 2018 identifying various maintenance and repair issues with the Units that had not been performed by Otis Elevator in accordance with its obligations under the Contract.

22.     Pikes Peak issued an Inspection Report dated April 8, 2020 identifying various maintenance and repair issues with the Units that had not been performed by Otis Elevator in accordance with its obligations under the Contract

23.     Pikes Peak issued an Inspection Report dated July 22, 2020 identifying various maintenance and repair issues with the Units, which had first been identified in the Inspection Report dated April 8, 2020, which had not been addressed or repaired by Otis Elevator in accordance with its obligations under the Contract.

24.     On or about, March 25, 2020 the Governor of the State of Colorado issued a stay in place order (Executive Order D2020-017) effective at 6:00 a.m. on March 26, 2020, which effectively closed the Chapel Hills Mall for business because of the Covid 19 pandemic.

25.     At the time the Chapel Hills Mall was closed in accordance with the Executive Order, the Units that were the subject of the Contract between Chapel Hills and Otis Elevator were not operational and were in need of repairs.

26.     On or about April 6, 2020, a glass panel in the door of the Center Court elevator was shattered.

27.     Because of the condition of several of the escalators at the Mall, the glass panel in the door of the Center Court elevator had to be repaired promptly for the Mall to be able to reopen.

28.     The Mall manager, Ed Beane, contacted Otis Elevator requesting a quote to repair the glass panel in the door of the Center Court elevator and an estimate of when the glass replacement would take place. A representative of Otis Elevator advised Mr. Beane that it could replace the glass panel in the Center Court elevator door at a cost of $3,595, but that it would take approximately three to five weeks to complete the repair.

29.     Mr. Beane consulted with the Safety Inspector from Pikes Peak and was advised that the replacement of the glass panel in the Center Court elevator door did not have to be performed by a trained elevator technician. Given the emergent nature of needing the glass panel in the elevator door repaired as a prerequisite to the reopening of the Mall, Mr. Beane then retained another vendor who replaced the glass in the door of the Center Court elevator within a day at a cost of $400.

30.     By letter dated May 7, 2020, a copy of which is attached hereto and incorporated herein as Exhibit B, Otis Elevator advised Chapel Hills that it was terminating the contract effective April 29, 2020, claiming that Chapel Hills had violated the terms of the contract by having another vendor replace the glass panel in the door of the Center Court elevator.

31.     At the time of the termination letter, there were numerous outstanding maintenance and repair issues with the Units that had not been fixed or replaced in accordance with Otis Elevator's obligations under the Contract.

## FIRST CLAIM FOR RELIEF

32.     Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

33.     Otis Elevator entered into the valid and binding Contract to maintain the Units.

34.     Chapel Hills performed all duties and conditions precedent to and relating to the Contract.

35.     Otis Elevator breached the Contract by failing to properly maintain and replace parts on the Units.

36.     The numerous Inspection Reports issued by Pikes Peak demonstrate that Otis Elevator breached its obligations under the Contract by failing to maintain and replace parts on the Units.

37.     Otis Elevator wrongfully terminated the Contract.

38.     Otis Elevator's breach of its obligations under the Contract and its wrongful termination of the Contract left the Units in disrepair, which will cost Chapel Hills several hundred thousand dollars to remedy.

39.     As a direct, proximate and foreseeable result of Otis Elevator's breach of contract, Chapel Hills has suffered damages as alleged herein and is entitled to relief in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

40.     Plaintiffs incorporate by reference all the preceding paragraphs of this Complaint.

41.     Chapel Hills' Contract with Otis Elevator expressly contemplated that the funds paid monthly by Chapel Hills to Otis Elevator would be used by Otis Elevator to cover the expenses of Otis Elevator associated with its performance of its obligations under the contract.

42.     The Inspection Reports issued by Pikes Peak demonstrate that Otis Elevator failed to perform its contractual obligations with respect to the Units despite its being paid monthly to do so.

43.     By compensating Otis Elevator monthly to maintain the Units, Chapel Hills conferred a benefit on Otis Elevator, which was known to and appreciated by Otis Elevator.

44.     Otis Elevator has accepted the benefit of the Contract without having performed its contractual obligations with respect to the Units, and it is inequitable for Otis Elevator to retain the funds paid by Chapel Hills.

45.     Otis Elevator has failed to reimburse Chapel Hills the funds it has improperly accepted and this has resulted in Otis Elevator being unjustly enriched.

46.     As a direct and proximate result of said actions, Otis Elevator has benefited to the detriment of Chapel Hills and has been unjustly enriched in an amount to be proven at trial.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against the Defendant, Otis Elevator Company, as follows:

a.  Against Otis Elevator Company on Plaintiffs' first claim for relief for general, consequential and special damages resulting from Otis Elevator Company's breach of contract, together with pre-judgment and post-judgment interest as permitted by law, Plaintiffs' attorney's fees, cost of this lawsuit, expert witness fees, and such other and further relief as this court deems just and proper.

b.  Against Otis Elevator Company on Plaintiffs' second claim for relief for all amounts for which Defendant Otis Elevator Company has unjustly benefited, together with pre-judgment and post-judgment interest as permitted by law, Plaintiffs' attorneys'

fees, cost of this lawsuit, expert witness fees, and such other and further relief as this Court deems just and proper.

DATED:  February 2, 2021.

Respectfully submitted,

DOWNEY & ASSOCIATES, P.C.

/ss/ Thomas E. Downey, Jr.
Thomas E. Downey, Jr., #9686
Attorney for Plaintiff


*In accordance with C.R.C.P. 121 § 1-26(7) a printed copy of this document with signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*


Plaintiffs' address:
1710 Briargate Blvd.
Colorado Springs, CO  80920