IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-00565-PAB

CHAPEL HILLS REALTY LLC, a Colorado limited liability company,
CHAPEL HILLS CH LLC, a Colorado limited liability company,
CHAPEL HILLS NASSIM LLC, a Colorado limited liability company,

    Plaintiffs,

v.

OTIS ELEVATOR COMPANY, a New Jersey corporation authorized to do business in Colorado,

    Defendant.

## SECOND ORDER TO SHOW CAUSE

This matter is before the Court on defendant's response, Docket No. 13, to the Court's Order to Show Cause [Docket No. 11]. Defendant asserts that the Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 13 at 2.

Defendant filed its notice of removal on February 25, 2021. *See* Docket No. 1. On March 3, 2021, the Court ordered defendant to show cause why the case should not be remanded for lack of subject matter jurisdiction. Docket No. 11 at 4. The Court noted that defendant's allegations were insufficient to determine whether the Court has jurisdiction over the case because defendant failed to sufficiently allege the citizenship of the plaintiff limited liability corporations ("LLCs"). *Id.* at 2-3.

Defendant filed its response to the Court's order to show cause on March 11, 2021. *See* Docket No. 13. In its response, defendant properly identifies the various members of the plaintiff LLCs. *See id.* at 2-3. For most of those members, defendant

also identifies the member's citizenship. *See id.* at 2, ¶ 3 (stating that the members of Chapel Hills CH, LLC are two New York citizens). However, the allegations as to Chapel Hills Realty, LLC are deficient. Defendant asserts that Chapel Hills Realty, LLC is a Colorado LLC "whose sole member is Namco Realty LLC" *Id.*, ¶ 2. Defendant further alleges that Namco Realty LLC is a New York LLC "whose sole member is Namco Realty Ltd," and Namco Realty Ltd. "is a privately held corporation and citizen of the British Virgin Islands." *Id.* A corporation, however, "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *See* 28 U.S.C. § 1332(c)(1). A corporation incorporated in a foreign country may still have its principal place of business in the United States. *See Burge v. Sunrise Medical (US) LLC*, No. 13-cv-02215-PAB-MEH, 2013 WL 6467994, at *2 (D. Colo. Dec. 9, 2013) (citing *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.,* 20 F.3d 987, 990 (9th Cir. 1994)). Accordingly, defendant's allegations as to Chapel Hills Realty, LLC are insufficient to establish the Court's jurisdiction. Defendant will be given one more opportunity to establish that the Court has subject matter jurisdiction over the case. It is therefore

**ORDERED** that, on or before **April 2, 2021**, defendant shall show cause why this case should not be remanded due to the Court's lack of subject matter jurisdiction.

DATED March 26, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge